**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4473**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DARLENE ECKLES,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00009-5)

———————————

Submitted:  July 16, 2008         Decided:  August 18, 2008

———————————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David Q. Burgess, LAW OFFICE OF DAVID Q. BURGESS, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Darlene Eckles of conspiracy to possess with intent to distribute less than five grams of crack cocaine, less than 500 grams of cocaine, and less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 846 (2000). The district court sentenced her to 235 months of imprisonment. Eckles appeals her sentence, asserting that the district court erred in determining the amount of drugs attributable to her and in refusing to award a mitigating role downward adjustment. We affirm.

Eckles contends that the district court did not make particularized findings with regard to the scope of her agreement to participate in the conspiracy or to the amount of drugs reasonably foreseeable to her, as required by United States v. Bolden, 325 F.3d 471 (4th Cir. 2003). Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 596 (2007). The appellate court:

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

Id. at 597.

- 2 -

With these standards in mind, we have reviewed the record and conclude that the district court implicitly made the findings required by <u>Bolden</u> by relying on information in the presentence report and on the federal agent's testimony at sentencing summarizing the trial evidence that pertained directly to Eckles' activities during the time Rick Eckles lived with her and operated his crack business out of her house. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 1B1.3 cmt. n.2 (2006) ("In determining the scope of the criminal activity that the particular defendant agreed to jointly undertake . . . , the court may consider any explicit agreement <u>or implicit agreement fairly inferred from the conduct of the defendant</u> and others.") (emphasis added). We also find that the district court did not clearly err in attributing more than 1.5 kilograms of crack to Eckles. <u>See</u> <u>United States v. Fullilove</u>, 388 F.3d 104, 106 (4th Cir. 2004) (stating standard of review).

Eckles also asserts that the district court erred by failing to award a mitigating role downward adjustment because she was involved in the conspiracy for only six months. Our review of the record leads us to conclude that the district court did not clearly err in this regard because Eckles failed to meet her burden of showing that she was entitled to the downward adjustment. <u>See</u> <u>United States v. Kiulin</u>, 360 F.3d 456, 463 (4th Cir. 2004) (stating standard of review); <u>United States v. Akinkoye</u>, 185 F.3d 192, 202 (4th Cir. 1999) (allocating burden).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED